ALLEN T. SLACK *v.* TOWN OF CRAFTSBURY.

*Town Meeting. Vote. Selectmen. Soldier's Bounty.*

A vote of a town " to direct the selectmen to pay three men the sum of $300 each as volunteer soldiers" to fill a given quota, *held* not a general offer, but required the personal participation of the selectmen in the procurement and designation of the men, in order to entitle them to claim the bounty under the vote.

THIS was an action of assumpsit, the plaintiff declaring in special and general counts claiming to recover a town bounty. Plea, the general issue, and trial by jury at the December term, 1870, Ross, J., presiding. There being no conflict in the evidence, and the facts appearing therefrom as stated in the opinion of the court, the county court directed a verdict for the defendant. Exceptions by the plaintiff.

*C. W. Clarke,* for the plaintiff.

*Geo. W. Hendee,* for the defendant.

The opinion of the court was delivered by

BARRETT, J. As the bill of exceptions is made up, it seems proper to make a summary statement of the leading facts constituting the case.

The plaintiff enlisted from Hardwick in 1861, and served under said enlistment till the 21st day of December, 1863, on which day he re-enlisted at Brandy Station, Va., and on the 22d was mustered in, with seven others, to the credit of the town of Craftsbury. He had never lived in Craftsbury, nor had friends there. He was set to the credit of Craftsbury without his knowledge or direction, while absent from camp on picket duty. The first notice he gave the town was July 1, 1865, after he had been honorably discharged, having served to that time under said re-enlistment—at which time he called to get his bounty. He had heard before re-enlisting that the town was going to pay bounty, and

83

after he found he had been mustered in to the credit of the town, he expected he should receive such bounty. The selectmen had no knowledge of the re-enlistment and credit of the plaintiff to said town till by letter dated January 20, 1864, from the adjutant general's office. In the mean time they had, by personal contract, procured three men in pursuance of the vote, the last two of whom were enlisted on the 19th day of December, 1863, and mustered in to the credit of the town on said quota on the 29th of December. Scott, the selectman who took the burden of getting said three men under said vote, testified on cross-examination : " I suppose I knew there were offers made for re-enlistments in the field. I took no pains to learn whether three men had re-enlisted."

The town meeting was held December 16, 1863. The second article in the warning was : " To see if the town will vote to pay bounties to volunteer soldiers who enlist to fill the quota of this town in general order No. 2, dated November 2, 1863." Under said article—" *Voted* to direct the selectmen to pay three men the sum of three hundred dollars each as volunteer soldiers, under the second article of the warning."

Counsel agreeing that there was no conflict in the evidence as to the facts, the court directed a verdict for the defendant, to which the plaintiff excepted.

The only construction that, as it seems to us, can be maintained, of the vote in virtue of which the plaintiff seeks to charge the town with liability to pay the said bounty, relieves the case from the need of any detail of discussion. The vote conferred a specific authority upon the selectmen, which was without margin of indefiniteness or discretion, either as to amount of money to be paid, or the number of men to whom it was to be paid. To exercise that authority according to the terms and meaning of the vote, necessarily involves the idea that the selectmen are to know and determine upon the three men to whom they are to pay the bounty voted ; and when they had done that, and paid or bound the town to pay the bounty voted, they had exhausted the authority conferred by the vote, and filled the full measure of the liability of the town by reason of the vote.

It seems to us that the vote was as far as possible from being a general, open offer, in the sense of, and in analogy to, the cases already decided on that ground in this state. It carried on its face that only three men could be entitled to the sum prescribed, and that the authority of the selectmen would become exhausted when they had paid or bound the town to pay that sum to any three specific and designated men, such as the vote contemplated, viz : volunteer soldiers who enlist to fill the quota named. This of course would show to all concerned that, in order to entitle any one to claim and have that bounty, he must become one of the specific and designated men, and this could only be done by concurrence of understanding and action between the selectmen and the men to whom, by the vote, the bounty was to be paid.

It has already been decided that, where the vote authorizes the selectmen to pay a bounty not exceeding a certain sum to each volunteer, it contemplates the personal participation of the selectmen in the procurement and designation of the men, in order to entitle them to claim the bounty under the vote. It seems to us that the vote in this case requires, with stronger reason, such personal participation of the selectmen.

A party, claiming by force of the vote, must abide, for the result of his claim, the legitimate construction and operation of such vote. As upon the facts in this case the plaintiff fails to have become one of the three men contemplated by said vote, the judgment of the county court for the defendant is affirmed.